**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. BRUZZONE, | No. 21-16108 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01279-WHA |
| v. | |
| INTEL CORPORATION; ARM, INC., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| EVANGELINA ALMIRANTERENA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Michael A. Bruzzone appeals pro se from the district court's order denying

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his post-judgment motion in his action alleging claims arising from a previous qui tam action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a denial of a Federal Rule of Civil Procedure 60(b) motion. *Valdivia v. Schwarzenegger*, 599 F.3d 984, 988 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion in denying Bruzzone's Rule 60(b) motion because Bruzzone presented no basis for post-judgment relief. *See* Fed. R. Civ. P. 60(b); *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (relief under Rule 60(b) is not warranted unless the moving party can show: (i) "newly discovered evidence" within the meaning of Rule 60(b); (ii) that, with the exercise of due diligence, could not have been discovered earlier; and (iii) that earlier production of which would have likely changed the disposition of the case).

We reject as meritless Bruzzone's contentions that the district court was biased against him.

**AFFIRMED.**

21-16108